# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
**MICHAEL G. MOORE**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana



FILED

May 03 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MESCHACH BERRY,                          )
                                         )
    Appellant-Defendant,                 )
                                         )
        vs.                          )    No. 49A04-1109-CR-474
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.                  )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah Pierson-Treacy, Judge
Cause No. 49F19-1009-CM-36885

**May 3, 2012**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Meschach Berry (Berry), appeals his conviction for possession of marijuana, a Class A misdemeanor, Indiana Code § 35-48-4-11(1).[1]

We reverse.

## ISSUE

Berry raises one issue on appeal, which we restate as: Whether the trial court abused its discretion by admitting evidence obtained through an inventory search of Berry's automobile.

## FACTS AND PROCEDURAL HISTORY

Berry worked at the Class Touch Car Wash in Indianapolis, Indiana. On May 8, 2010, Berry drove his relative's car to pick up his last paycheck from work. After the manager informed Berry that his paycheck was unavailable, Berry drove his car to the entrance of the car wash and blocked customer traffic. The police were called and Officers Christopher Sherrell (Officer Sherrell) and G. Phillip Rossman (Officer Rossman) of the Indianapolis Metropolitan Police Department arrived at the car wash. Officer Sherrell told Berry to move his vehicle, pointing to an area where the car wash's self-service vacuum bays were located. Berry subsequently complied by moving his car to the vacuum bays.

---

[1] We held an oral argument in this case on April 10, 2012, at Marian University in Indianapolis, Indiana. We thank Marian University for its hospitality in hosting the argument and counsel for their excellent advocacy.

Officer Sherrell informed Berry that his paycheck dispute was a civil matter and that Berry's car could not block customer traffic. Officer Sherrell then ran a check on Berry's drivers license and discovered that his license was suspended. Berry was issued a citation for the infraction. After Officer Sherrell told Berry that the vehicle could not be driven away, Berry inquired whether his relative could drive the car away. Officer Sherrell asked if the vehicle was insured, but Berry responded that he was unsure since the car belonged to one of his relatives. Officer Sherrell told Berry that the vehicle must be towed and proceeded to conduct an inventory search of the vehicle.

Officer Sherrell opened the driver's side door and found plastic bags containing marijuana in the interior door compartment. Marijuana was also found inside a folded paper in the car's ashtray. Officer Sherrell confronted Berry with the marijuana and arrested him. The officer continued checking the vehicle and found a digital scale in a compact-disc container. Apart from placing the marijuana and the scale in an evidence bag, the officer did not create formal inventory sheets detailing Berry's personal effects.

On May 8, 2010, the State filed an Information charging Berry with possession of marijuana as a Class A misdemeanor, I.C. § 35-48-4-11(1). On August 9, 2010, a bench trial was held. During the State's direct examination of Officer Sherrell, Berry objected to the impoundment of his car and moved to suppress evidence obtained during the inventory search of his car. The trial court denied his motion and Berry was found guilty as charged. On the same day, the trial court sentenced Berry to 365 days in the Marion County Jail, with 353 days suspended and 180 days' probation.

3

Berry now appeals.  Additional facts will be provided as necessary.

DISCUSSION AND DECISION

On appeal, Berry contends that the trial court abused its discretion by admitting the evidence.  Our standard of review of rulings on the admissibility of evidence is for an abuse of discretion.  *Widduck v. State*, 861 N.E.2d 1267, 1269 (Ind. Ct. App. 2007).  An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court.  *Boggs v. State*, 928 N.E.2d 855, 862 (Ind. Ct. App. 2010), *trans. denied*.  We do not reweigh the evidence and consider conflicting evidence favorable to the trial court's ruling, while uncontested evidence is considered favorable to the defendant.  *Widduck*, 861 N.E.2d at 1269.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures and its protections extend to the states through the Fourteenth Amendment.  *Taylor v. State*, 842 N.E.2d 327, 330, 334 (Ind. 2006).  Subject to certain well-established exceptions, a warrant is required to demonstrate that a search is reasonable.  *Id*.  The State has the burden to prove that an exception to the warrant requirement existed at the time of the search.  *Id*.

One such exception, applicable here, is a valid inventory search.  *Id*.  A valid inventory search is a "warrantless search of a lawfully impounded automobile if the search is designed to produce an inventory of the vehicle's contents." *Fair v. State*, 627 N.E.2d 427, 430 (Ind. 1993). We review the reasonableness of a vehicle inventory search with two factors in mind:  first, whether the impoundment giving rise to the inventory

4

search was proper, and second, whether the inventory search was excessive in scope. *Id.* at 431. The State must meet both factors for an inventory search to be valid. *Id.* "In borderline cases, however, the ultimate character of the search is often most clearly revealed when both the necessitousness of the impoundment and the scrupulousness of the inventorying are viewed together." *Id.*

Impounding a vehicle is proper when authorized by statute or when done pursuant to the police's community caretaking function. *Id.* at 431-33. The community caretaking function refers to those responsibilities the police undertake in addition to their law enforcement duties, which includes the removal of potential hazards to public safety. *Id.* at 431. To demonstrate that the community caretaking function justified impoundment of Berry's vehicle, the State must satisfy a two prong test under *Fair*: (1) that the officer's belief that the vehicle posed a harm or a threat to the community was "consistent with standards of sound policing and (2) that the decision to combat that threat by impoundment was in keeping with established departmental routine or regulation." *Id.* at 433.

Berry contends that Officer Sherrell's decision to impound his vehicle was unreasonable because no statute expressly required his vehicle to be impounded and there was no community caretaking function justification present. In the latter case, Berry claims that his car constituted no hazard or threat of harm to the community and that the State presented no evidence that Officer Sherrell's decision to impound was consistent

with the Indianapolis Metropolitan Police Department's standard operating procedures. We examine each contention in term.

First, Berry's argument on lack of statutory authorization to impound, standing alone, is unpersuasive. Berry points to the statutes governing the operation of a vehicle with a suspended license or without insurance,[2] which, although giving rise to infractions, do not contain language authorizing impoundment. This argument, however, has already been decided against Berry. "[S]tatutory authority does not present the sole justification which courts will recognize, inasmuch as impoundment is sometimes warranted by exigencies not catalogued in state statutes." *Id*. at 431. Consequently, Berry's reliance on statutory silence alone is unavailing.

Second, Berry's argument that the location of the vehicle posed no threat to the community also fails. The owner or operator of a business may demand removal of a third party vehicle impeding the operation of the business. Parked in the car wash vacuum bays, Berry's vehicle was on private, commercial property and prevented customers from using the vacuum bays. Thus, Berry's vehicle, left as it was in a vacuum bay that customers could have used, arguably represented a hazard or threat to a community interest.

Finally, "when the impoundment is not specifically directed by state law, the risk increases that a decision to tow will be motivated solely by the desire to conduct an

---

[2] Violation of I.C. § 9-24-19-1 (driving while suspended) results in a Class A infraction, while violation of I.C. § 9-25-8-2 (uninsured vehicle) also results in a Class A infraction, except in the case of a prior unrelated conviction for the same offense. Neither statute expressly requires impoundment.

investigatory search." *Id*. at 433. Accordingly, an officer's choice to impound must rest upon "standard criteria and on the basis of something other than suspicion of evidence of criminal activity." *Colorado v. Bertine*, 479 U.S. 367, 375 (1987). While standard procedures cannot address "the myriad circumstances under which a vehicle is reasonably viewed as posing a hazard," the decision to impound must nonetheless be "in keeping with established departmental routine or regulation." *Fair*, 627 N.E.2d at 432-33.

Here, Berry argues that the State provided no evidence that Officer Sherrell's decision to impound Berry's vehicle was consistent with standard procedures followed by the Indianapolis Metropolitan Police Department. We agree. Officer Sherrell testified that he chose to impound Berry's vehicle because Berry "didn't have a valid license and he didn't have proof of insurance for the vehicle." (Transcript p. 24). Despite characterizing Officer Sherrell's testimony as describing the "primary operating procedure prior to towing a vehicle," the record lacks any evidence of Indianapolis Metropolitan Police Department policy on impoundment. (Appellee's Br. p. 4). Thus, we cannot say whether Officer Sherrell's discretion to impound Berry's vehicle was in keeping with such policy. Furthermore, although the State argues that Berry has cited no case law for the proposition that a written law enforcement policy must be introduced into evidence to justify impoundment, we note that other cases have found formal policies relevant in justifying impoundment. *See Peete v. State*, 678 N.E.2d 415, 420 (Ind. Ct. App. 1997), *trans. denied* (Indianapolis Police Department policy on

impoundment). Consequently, we conclude that the State failed to prove that an exception to the warrant requirement existed at the time of the inventory search of Berry's car.[3]

## CONCLUSION

Based on the foregoing, we conclude that the search of Berry's vehicle violated the Fourth Amendment of the United States Constitution. Therefore, the trial court abused its discretion by admitting evidence obtained through an inventory search of Berry's automobile.

Reversed.

FRIEDLANDER, J. and MATHIAS, J. concur

---

[3] Berry also argues that the inventory search was excessive in scope. However, we find this argument waived since the record reflects that Berry only objected to whether the State proved that the community caretaking function justified impoundment. *See Weida v. City of West Lafayette*, 896 N.E.2d 1218, 1227 (Ind. Ct. App. 2008), *trans. denied*. Further, since we have found Berry's Fourth Amendment claim dispositive, we need not address Berry's claim under Article 1, Section 11 of the Indiana Constitution.